ORIGINAL    #075831

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DONALD MARTIN, Jr.  :
PATRICIA A. MANBECK :      **FILED**
JEFF ROBERTS       :      OCT 2 4 2013
JOSE ROJAS         :      U.S. COURT OF
                          FEDERAL CLAIMS
RANDALL L. SUMNER  :
        Plaintiffs, :
v.                 :      No.: **13-834 C**
THE UNITED STATES OF AMERICA : Collective Action
        Defendant. :

## COMPLAINT

COME NOW Plaintiffs Donald Martin, Jr., Patricia A. Manbeck, Jeff Roberts, Jose Rojas and Randall L. Sumner, on their own behalves and on behalf of all others similarly situated, and allege as follow:

## INTRODUCTION

1. Plaintiffs bring this collective action lawsuit individually and on behalf of other similarly situated individuals who would have been barred from working by their employer, the Defendant United States of America, during the October 2013 government shutdown except that they were classified as "essential employees" or "excepted employees" ("Essential Employees"). These Essential Employees were not paid for work between October 1, 2013 and October 5, 2013 (the "Five Days") on their regularly scheduled payday ("Scheduled Payday") for biweekly

1

pay period nineteen from September 22, 2013 through October 5, 2013 ("Pay Period 19"). As a result, Essential Employees were not paid the minimum wage for each hour worked during the Five Days, or alternatively, many Essential Employees were paid less than $290 (the minimum wage of $7.25 per hour times forty hours per week) for work performed during the week of September 29, 2013 through October 5, 2013 (the "Week"). Plaintiffs seek liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for themselves and all other Essential Employees at the rate of $7.25 per hour times the number of hours worked during the Five Days, or alternatively, for themselves and other Essential Employees in an amount equal to the difference between $290 and the amount paid on the Scheduled Payday for work performed during the Week.

2. In addition, Essential Employees who are classified as non-exempt from the overtime requirements of the FLSA were not paid on their Scheduled Payday for work performed during the Five Days in excess of the applicable overtime thresholds. Plaintiffs seek liquidated damages under the FLSA for themselves and all other FLSA non-exempt Essential Employees in the amount of any overtime payments to which they were entitled on the Scheduled Payday.

3. In addition, when it chose not to compensate Essential Employees whom it had classified as exempt from the FLSA on their Scheduled Payday, Defendant failed to pay them on a salary basis. Because Defendant did not pay the FLSA Exempt Essential Employees on a salary basis, they are entitled to overtime pay at the applicable rates during Pay Period 19. Plaintiffs seek the difference between the overtime rate that FLSA Exempt Essential Employees were paid and one and one-half times their regular rate plus an equal amount in liquidated

damages for themselves and all other FLSA Exempt Essential Employees under the FLSA, for the failure of Defendant to pay them at the correct overtime rates.

## JURISDICTION AND VENUE

4. The United States Court of Federal Claims has jurisdiction and venue over this action pursuant to 28 U.S.C. § 1491(a)(1), inasmuch as this is a claim against the United States founded on an Act of Congress and for damages in a case not sounding in tort.

## PARTIES

5. Plaintiff Donald Martin was an employee of Defendant classified as FLSA non-exempt in its Bureau of Prisons within the Department of Justice during Pay Period 19. Plaintiff performed work for Defendant for 4 days during the Five Day period for which Plaintiff was not compensated on the Scheduled Payday.

6. Plaintiff Patricia A. Manbeck was an employee of Defendant classified as FLSA non-exempt in its Bureau of Prisons within the Department of Justice during Pay Period 19. Plaintiff performed work for Defendant for 4 days during the Five Day period for which Plaintiff was not compensated on the Scheduled Payday.

7. Plaintiff Jeff Roberts was an employee of Defendant classified as FLSA non-exempt in its Bureau of Prisons within the Department of Justice during Pay Period 19. Plaintiff performed work for Defendant for 3 days during the Five Day period for which Plaintiff was not compensated on the Scheduled Payday.

8. Plaintiff Jose Rojas was an employee of Defendant classified as FLSA exempt in its Bureau of Prisons within the Department of Justice during Pay Period 19. Plaintiff performed

work for Defendant for 4 days during the Five Day period for which Plaintiff was not compensated on the Scheduled Payday.

9. Plaintiff Randall L. Sumner was an employee of Defendant classified as FLSA non-exempt in its Bureau of Prisons within the Department of Justice during Pay Period 19. Plaintiff performed work for Defendant for 3 days during the Five Day period for which Plaintiff was not compensated on the Scheduled Payday.

10. Plaintiffs have given their written consents to be parties Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents, containing each Plaintiff's name, address and signature, are appended to this Complaint.

11. Defendant United States is an "employer" and "public agency" within the meaning of 29 U.S.C. § 203(d), (x).

### ADDITIONAL FACTUAL ALLEGATIONS RELEVANT TO ALL ESSENTIAL EMPLOYEES

12. Defendant was partially shut down from October 1, 2013 through October 16, 2013.

13. The partial shutdown did not affect members of the military, employees who were "exempted" from the shutdown because their positions are not funded by annually appropriated funds, such as the Postal Service and the Federal Reserve, or Presidential appointees who are not covered by the leave system in 5 U.S.C. chapter 63.

14. Defendant designated all of its civilian employees in agencies and positions that were affected by the partial shutdown either as Essential Employees or as Non-Essential Employees. Essential Employees were required to report to work and perform their normal duties, but were not compensated for their work performed on or after October 1, 2013 until the partial shutdown ended and their next scheduled payday occurred.

15. Upon information and belief, there were approximately 1.3 million Essential Employees, including each of the Plaintiffs, during the partial shutdown in October 2013.

16. Essential Employees typically are paid biweekly.

17. For most or all Essential Employees, the first pay period affected by the partial shutdown commenced Sunday, September 22, 2013 and ended Saturday, October 5, 2013. Upon information and belief, the Scheduled Payday for all Essential Employees as to the work performed during this period was Friday, October 11, 2013, Tuesday, October 15, 2013, or Thursday, October 17, 2013.

18. None of the Essential Employees, including the Plaintiffs, was paid on their Scheduled Payday for work performed during the Five Days. Indeed, as of the filing of the Complaint, none of the Essential Employees had been paid for any work performed during October 2013. They are scheduled to be paid for such work on or about Friday, October 25, 2013 or the following week.

19. As a result, the Essential Employees, including the Plaintiffs, have not been paid for work performed between October 1, 2013 and October 5, 2013, on the date when such payment was due in violation of the FLSA.

20. Essential Employees are paid pursuant to schedules that permit their pay rates to be calculated as a certain amount per hour.

21. On their Scheduled Payday, each Essential Employee received information showing the amount received for work performed during the Week.

22. Because Essential Employees were paid for a maximum of only two days during the Week, each Essential Employee was not paid at all on the Scheduled Payday for three or

more days of scheduled work during the Week if working a five day workweek or for two or more days of scheduled work during the Week if working a four day workweek.

23. If compliance with the FLSA's minimum wage is evaluated on a daily or hourly basis, then Defendant paid each Essential Employee less than minimum wage on the Scheduled Payday.

24. Because Essential Employees were paid for a maximum of only two days during the Week, many Essential Employees received on the Scheduled Payday less than $290 for work performed during the Week.

25. The minimum wage applicable to Essential Employees is $7.25 per hour, or $290 for a forty hour week.

26. Many Essential Employees were paid less than $290 for work performed during the Week.

27. If compliance with the FLSA's minimum wage is evaluated on a weekly basis, then Defendant paid many Essential Employees less than minimum wage on the Scheduled Payday.

28. Defendant conducted no analyses to determine whether its failure to pay Essential Employees the minimum wage for work performed during the Five Days complied with the FLSA and relied on no authorities indicating that its failure to pay Essential Employees the minimum wage for work performed during the Five Days complied with the FLSA.

29. Guidance issued by Defendant's Department of Labor, U.S. DEP'T OF LABOR, WAGE & HOUR DIVISION, DOL FACT SHEET #70: FREQUENTLY ASKED QUESTIONS REGARDING FURLOUGHS AND OTHER REDUCTIONS IN PAY AND HOURS WORKED ISSUES (Nov. 2009), *available at* http://www.dol.gov/whd/regs/compliance/whdfs70.pdf, indicates that under the

circumstances Defendant violated the FLSA by not paying Essential Employees minimum wage for work performed during the Five Days.

30. Defendant's violation of the FLSA described above is willful, and in conscious or reckless disregard of the requirements of the FLSA.

31. As a result of the actions alleged above, the Essential Employees, including the Plaintiffs, have suffered monetary damages and are entitled to liquidated damages.

## ADDITIONAL FACTUAL ALLEGATIONS RELEVANT TO ESSENTIAL EMPLOYEES CLASSIFIED AS NON-EXEMPT FROM THE FLSA OVERTIME PROVISIONS

32. Defendant is obligated to pay overtime pay for work performed in excess of applicable thresholds which may differ for FLSA non-exempt employees classified as law enforcement employees or fire fighters than for other FLSA non-exempt employees. For overtime work performed during Pay Period 19, the FLSA obligated Defendant to make such overtime payments on the Scheduled Payday.

33. Defendant did not pay non-exempt Essential Employees on the Scheduled Payday for work in excess of the applicable overtime thresholds performed during the Five Days.

34. Defendant conducted no analyses to determine whether its failure to pay non-exempt Essential Employees overtime pay for work performed during the Five Days complied with the FLSA and relied on no authorities indicating that it could fail to pay overtime to non-exempt Essential Employees on the Scheduled Payday.

35. Defendant's violation of the FLSA described above is willful, and in conscious or reckless disregard of the requirements of the FLSA.

36. As a result of the actions alleged above, the non-exempt Essential Employees, including the non-exempt Plaintiffs, have suffered monetary damages and are entitled to liquidated damages.

## ADDITIONAL FACTUAL ALLEGATIONS RELEVANT TO ESSENTIAL EMPLOYEES CLASSIFIED AS EXEMPT FROM THE FLSA OVERTIME PROVISIONS

37. Employees are not exempt from payment of overtime under the managerial, professional or administrative exemptions unless, among other requirements, they are paid on a salary basis. An employee is not paid on a salary basis if the employer fails to pay the agreed compensation at the scheduled time, except under certain circumstances not applicable here.

38. Defendant failed to pay the FLSA Exempt Essential Employees, including the FLSA Exempt Plaintiffs, on the Scheduled Payday for work performed during the Five Days, which is inconsistent with paying them on a salary basis.

39. For Pay Period 19, therefore, the FLSA Exempt Essential Employees, including the FLSA Exempt Plaintiffs, were not exempt from payment of overtime at the rate of one and one-half times their regular rate.

40. Defendant pays FLSA exempt employees at a reduced overtime rate set forth at 5 U.S.C. § 5542 for each hour worked in excess of the applicable thresholds, but pays FLSA non-exempt employees one and one-half times their regular rates for each hour worked in excess of the applicable thresholds.

41. Defendant is obligated to pay FLSA Exempt Essential Employees at the rate of one and one-half times their regular rates for work performed during Pay Period 19 in excess of the applicable thresholds.

42. Defendant did not pay FLSA Exempt Essential Employees at the rate of one and one-half times their regular rates for work performed during Pay Period 19 in excess of the applicable thresholds, and does not currently intend to pay FLSA Exempt Essential Employees at those rates at the next payday.

43. Defendant conducted no analyses to determine whether its failure to pay FLSA Exempt Essential Employees for work performed during the Five Days altered their status to FLSA non-exempt and relied on no authorities indicating that it could continue to pay FLSA Exempt Essential Employees at the reduced overtime rates when it failed to pay them on a salary basis during Pay Period 19.

44. Defendant's violation of the FLSA described above is willful, and in conscious or reckless disregard of the requirements of the FLSA.

45. As a result of the actions alleged above, the FLSA Exempt Essential Employees have suffered monetary damages and are entitled to payment of the difference between the amounts they were paid for overtime performed during Pay Period 19 and one and one-half times their regular rates for each hour of overtime work during Pay Period 19, as well as to liquidated damages.

## COLLECTIVE ACTION ALLEGATIONS

46. Defendant uniformly failed to pay Plaintiffs and many or all Essential Employees throughout the United States minimum wages and overtime wages on their Scheduled Payday. Defendant also uniformly failed to treat FLSA Exempt Essential Employees throughout the United States consistently with their being paid on a salary basis on their Scheduled Payday.

47. The amount of liquidated damages due Plaintiffs and other Essential Employees, and the amount of unpaid overtime and liquidated damages due Essential Employees who

worked overtime during the Five Days, can be computed for all Essential Employees using the same methodologies and Defendant's payroll records and employee data.

48. Based on reports in various sources, Plaintiffs are informed and believe that there are about 1.3 million Essential Employees who were affected by the actions and failure to act alleged here. A collective action is the most efficient means for resolution of the claims alleged.

49. Defendant should be required to give electronic notice of this collective action to all Essential Employees at their work email addresses using Court-approved language because of the large number of Essential Employees and the ease with which Defendant may communicate with the Essential Employees electronically at those email addresses.

## COUNT ONE

### FAILURE TO PAY WAGES TIMELY
### AS REQUIRED UNDER THE FLSA

50. Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

51. Defendant failed to pay Essential Employees for work performed during the Five Days on the Scheduled Payday. As a result, all Essential Employees were paid less than minimum wage if the obligation is determined on an hourly or daily basis, and many Essential Employees were paid less than minimum wage if the obligation is determined on a weekly basis.

52. Defendant's failure to pay Essential Employees minimum wage on their Scheduled Payday violated the FLSA. Defendant's violation was willful, and in conscious or reckless disregard of the requirements of the FLSA.

53. As a result, Plaintiffs and other Essential Employees suffered injuries, including monetary damages, and are entitled to liquidated damages.

## COUNT TWO

## FAILURE TO PAY OVERTIME TO ESSENTIAL EMPLOYEES CLASSIFIED AS NON-EXEMPT FROM THE FLSA OVERTIME PROVISIONS
## AS REQUIRED UNDER THE FLSA

54. Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

55. Defendant failed to pay overtime to Essential Employees classified as non-exempt from the FLSA overtime provisions who worked in excess of the applicable threshold for overtime pay during Pay Period 19.

56. Many Essential Employees classified as non-exempt from the FLSA's overtime provisions worked in excess of the applicable threshold for overtime pay.

57. Defendant violated the FLSA by failing to pay overtime pay on the Scheduled Payday to Essential Employees classified as non-exempt from the FLSA's overtime provisions who worked in excess of the applicable threshold for overtime pay. Its violation was willful, and in conscious or reckless disregard of the requirements of the FLSA.

58. As a result, Essential Employees covered by the FLSA's overtime provisions suffered injuries, including monetary damages, and are entitled to liquidated damages.

## COUNT THREE

## FAILURE TO PAY OVERTIME TO ESSENTIAL EMPLOYEES CLASSIFIED AS EXEMPT FROM THE FLSA OVERTIME PROVISIONS
## AS REQUIRED UNDER THE FLSA

59. Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

60. Defendant did not pay FLSA Exempt Plaintiffs and other FLSA Exempt Essential Employees on a salary basis consistently with their classification as exempt from the FLSA on their Scheduled Payday.

61. Defendant failed to pay overtime to FLSA Exempt Essential Employees who worked in excess of the applicable threshold for overtime pay during Pay Period 19.

62. Many FLSA Exempt Essential Employees worked in excess of the applicable threshold for overtime pay.

63. Defendant violated the FLSA on the Scheduled Payday by failing to pay the appropriate overtime pay to the FLSA Exempt Essential Employees who worked in excess of the applicable threshold for overtime pay during Pay Period 19. Its violation was willful, and in conscious or reckless disregard of the requirements of the FLSA.

64. As a result, FLSA Exempt Essential Employees suffered injuries, including monetary damages, and are entitled to liquidated damages.

## COUNT FOUR

### VIOLATION OF THE BACK PAY ACT

65. Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

66. Plaintiffs and other Essential Employees suffered an unjustified personnel action in that they were forced to work without knowing if and when they would be paid, without being paid on their Scheduled Pay Day for work performed during the Five Days, and without being paid minimum wage or for overtime work in accordance with the FLSA.

67. As a result, if liquidated damages are not awarded, Plaintiffs are entitled under the Back Pay Act, 5 U.S.C. § 5596, to payment of interest from their Scheduled Payday to the date of judgment for all amounts not paid in violation of the FLSA, to attorneys' fees and to reimbursement of expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grant relief against Defendant as follows:

(a)     Enter a declaration that Defendant has violated its statutory and legal obligations and deprived Plaintiffs and all other Essential Employees of their rights, privileges, protections and compensation under the law, that the violations were not in good faith and that Defendant did not have reasonable grounds for believing that its acts complied with its obligations under the FLSA, and that the violations were willful;

(b)     Convene a collective action pursuant to 29 U.S.C. § 216(b) and require Defendant to provide electronic notice to all Essential Employees or, in the alternative, to provide to Plaintiffs the last known names and addresses (including electronic mail addresses) of all Essential Employees in a readily readable and useable electronic format;

(c)     Award Essential Employees monetary damages in the form of liquidated damages under the FLSA equal to an amount that they should have been paid to satisfy the FLSA's minimum wage requirements on the Scheduled Payday for work performed during the Week;

(d)     Award Essential Employees classified as non-exempt from the FLSA's overtime provisions monetary damages in the form of liquidated damages under the FLSA equal to the amount of overtime compensation that they should have been paid on the Scheduled Payday for work performed during the Week;

(e)     Award FLSA Exempt Essential Employees monetary damages equal to the difference between what they were paid for overtime hours worked and the one and one-half times their regular rate amount owed pursuant to the FLSA, together with liquidated damages equal to that amount;

(f)     Award Essential Employees prejudgment interest on the amounts owed;

(g) Award Plaintiffs and all other Essential Employees their reasonable attorneys' fees to be paid by Defendant, and the costs and disbursements of this action; and

(f) Grant such other legal and equitable relief as may be just and proper.

Respectfully submitted,

October 24, 2013

Heidi R. Burakiewicz
Mehri & Skalet, PLLC
1250 Connecticut Avenue NW, Suite 300
Washington, D.C. 20036
(202) 822-5100 (phone)
(202) 822-4997 (fax)
hburakiewicz@findjustice.com

Counsel of Record for Plaintiffs


Steven A. Skalet
Michael Lieder
Taryn Wilgus Null
Mehri & Skalet, PLLC
1250 Connecticut Avenue NW, Suite 300
Washington, D.C. 20036
(202) 822-5100 (phone)
(202) 822-4997 (fax)
sskalet@findjustice.com
mlieder@findjustice.com
twilgusnull@findjustice.com

Of Counsel for Plaintiffs

# CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown from October 1-16, 2013, I was deemed an essential employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations.

Date: 10/24/13

Signature: *Patricia A Manbeck*

Printed Name: Patricia A Manbeck

Home Street Address: 315 Park Rd

City, State, Zip Code: Valley View PA 17983

Employment History:

Federal Agency: Dept of Justice

Duty Assignment/Job Location: Fed. Bureau of Prisons, FCI Schuylkill

Job Title: Correctional Treatment Specialist

# CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown from October 1-16, 2013, I was deemed an essential employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations.

Date: October 23, 2013

*[signature]*
Signature

Donald Martin, Jr.
Printed Name

760 Hedstrom Rd.
Home Street Address

Turlock, California, 95382
City, State, Zip Code

Employment History:

Federal Bureau of Prisons
Federal Agency

USP Atwater, California
Duty Assignment/Job Location

Correctional Officer
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown from October 1-16, 2013, I was deemed an essential employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations.

Date: 10/24/13

Signature

JEFF ROBERTS
Printed Name

PO BOX 1075
Home Street Address

FORREST CITY AR 72335
City, State, Zip Code

Employment History:

DOJ/BOP
Federal Agency

FCI FORREST CITY
Duty Assignment/Job Location

ELECT. TECH.
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown from October 1-16, 2013, I was deemed an essential employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations.

Date: 10/24/13

Signature: *(signed)*

Printed Name: Jose Rojas

Home Street Address: 1742 Florence Vista Blvd

City, State, Zip Code: Orlando FL 32818

Employment History:

Federal Agency: Bureau of Prisons

Duty Assignment/Job Location: FCC Coleman USP-2

Job Title: Teacher

# CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown from October 1-16, 2013, I was deemed an essential employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations.

Date: 10-23-2013

Signature: *Randall L. Sumner*

Printed Name: Randall L. Sumner

Home Street Address: 3529 Needham Rd

City, State, Zip Code: Waycross, GA 31503

Employment History:

Federal Agency: FBOP

Duty Assignment/Job Location: FCI Jesup, GA

Job Title: Correctional Counselor